# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTWAN GUTHRIE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-01451-SEP |
| | ) |
| CM/COII UNKNOWN HAMPTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Antwan Guthrie's Complaint, his application to proceed in district court without prepaying fees or costs, and his motion to appoint counsel. *See* Docs. [2], [3]. The Court grants Plaintiff leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $23.54. And, after initial review of his Complaint, the Court dismisses this case and denies as moot Plaintiffs' motion to appoint counsel.

### INITIAL PARTIAL FILING FEE

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed a certified inmate account statement showing an average monthly deposit of $117.70, and an average monthly balance of $22.65. Twenty percent of the greater of those figures is $23.54. The Court will assess an initial partial filing fee in that amount, and order Plaintiff to pay it to the Clerk of this Court within thirty days of the date of this order.

## FACTS AND BACKGROUND[1]

Plaintiff is an inmate at the Farmington Correctional Center (FCC). He filed the Complaint pursuant to 42 U.S.C. § 1983 against FCC corrections officers CM/COII Hampton, COI Aubuchon, and FCC Warden Vandergriff in their official capacities. *See* Doc. [1] at 2-3, Doc. [1-3] at 12. Plaintiff identifies Hampton as a Case Manager and states that he was the Housing Unit S. Sergeant at the time of the events giving rise to his claims. Doc. [1] at 3. Plaintiff identifies Aubuchon as a Property Room Correctional Officer. *Id*.

Plaintiff alleges as follows. On May 11, 2023, he was released from administrative segregation. Before leaving, he asked Hampton "the location of the property that was removed from my person (Khaki shorts, New Balance shoes)." *Id*. Hampton "went and looked inside the storage closet and returned stating he could not find it, that it was gone." *Id*. Plaintiff asked Hampton what to do, and Hampton told him to file an Informal Resolution Request.

Next, Plaintiff alleges, he went to the property room "to retrieve the property that was inventoried from my cell when I was placed into administrative segregation." *Id*. Plaintiff was given two bags of property and told to sign to indicate that all inventoried property had been returned to him. Plaintiff writes:

> Defendant 2, COI Aubuchon, did not allow me an opportunity to inventory the 2 bags to see what was inside, but according to the property pickup or inventory, (exhibit 3), all of the items that were left in my cell were inventoried and accounted for. This did not include, of course, the items removed from my person & put into the storage closet.

*Id*. at 4. Finally, Plaintiff alleges that "Defendant 3, Warden Vandergriff did not ensure the proper training and ensure that Defendant 1, and Defendant 2 were adhering to policy." *Id*.

Plaintiff claims that because he did not have "a serviceable pair of shoes" or the money to buy a pair, he "was forced to solely wear state-issued boots for any and all activities which has caused moderate damage to my feet." *Id*. Attached to the Complaint are copies of grievance documents Plaintiff filed to claim that his shorts and shoes had been misplaced, and to request replacement or reimbursement for their value.

As relief, Plaintiff seeks a total of $3,000. He breaks down the amount sought as follows: "~ $20 to cover the cost of the khaki shorts, ~ $70 to cover the cost of the New Balance Shoes, $400 to cover

---

[1] For purposes of this motion, the Court takes the factual allegations in the Amended Complaint, Doc. [11], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

2

the filing fee for this complaint, and the remainder for pain and suffering caused by the damage to my feet." *Id.* at 5.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### DISCUSSION

Plaintiff asserts claims for damages against Hampton, Aubuchon, and Vandergriff in their official capacities. A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the Complaint, Hampton,

Aubuchon, and Vandergriff are employed by the Missouri Department of Corrections ("MDOC"), which is a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, state agencies, and state officers acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against Hampton, Aubuchon, and Vandergriff are therefore subject to dismissal in accordance with 28 U.S.C. § 1915(e)(2). *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (§ 1983 damages claim against a state officer acting in his official capacity is barred, either by the Eleventh Amendment or because, in such capacity, he is not a "person" capable of being sued).

      This action would be subject to dismissal even if Plaintiff had named the Defendants in their individual capacities. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's allegations in this case do not establish the violation of a right secured by the Constitution or laws of the United States. They establish that Hampton and/or Aubuchon unintentionally or negligently caused his shorts and shoes to be misplaced or lost, but allegations of unintentional or negligent deprivation of property do not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the "Due Process Clause is simply not implicated by a ***negligent*** act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original).

      Plaintiff alleges that Vandergriff "did not ensure the proper training and ensure that Defendant 1, and Defendant 2 were adhering to policy." Doc. [1] at 4. Vandergriff could be liable for an inferior officer's constitutional violation if he directly participated in the constitutional violation, or if his failure to train or supervise the offending officer caused such deprivation. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Here, however, Plaintiff has failed to demonstrate an underlying constitutional violation. His supervisory liability claim against Vandergriff would therefore fail. *See Mendoza v. United States Immigr. & Customs Enf't,* 849 F.3d 408, 420 (8th Cir. 2017) (supervisory liability claims "automatically fail for lack of an underlying constitutional violation"); *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012) (failure to train and failure to supervise claims cannot be sustained absent an

underlying constitutional violation by a subordinate); *Williams v. Davis*, 200 F.3d 538, 539 (8th Cir. 2000) ("Absent a constitutional violation, there [is] no basis for section 1983 liability on the part of [supervisors].").

After carefully reading and liberally construing the Complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). This is not a situation in which the deficiencies of the Complaint could be overcome by amendment. Instead, it is a situation in which the claims Plaintiff wishes to bring are not claims of constitutional significance. The Court will therefore dismiss the Complaint at this time, without prejudice. The Court finds that there could be no non-frivolous argument that Plaintiff's allegations stated an official-capacity claim against any of the named Defendants, so the Court finds that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs is **GRANTED**. Doc. [2].

**IT IS FURTHER ORDERED** that, within 30 days of the date of this order, Plaintiff must pay an initial filing fee of $23.54. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED** as moot. Doc. [3].

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of April, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5